UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM TIMMERMAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NATIONAL CAR CURE, LLC, SUNPATH ) <br> LTD. and SUNPATH FUNDING, LLC, ) <br> ) <br> Defendants. ) | Case No. 3:20-cv-590 <br><br> JURY TRIAL DEMANDED <br><br> (Removed from the Circuit Court <br> of the Twentieth Judicial Circuit, <br> St. Clair County, Illinois, <br> Case No 20AR0161) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants, SunPath LTD. and SunPath Funding, LLC (collectively "Defendants"), by and through their attorneys, hereby remove the above-captioned action, by the filing of this Notice of Removal with the Clerk of St. Clair County Circuit Court, State of Illinois. As grounds for removal, Defendants state as follows:

1.  On or about May 18, 2020, Plaintiff Adam Timmerman ("Plaintiff") filed an action in the St. Clair County Circuit Court, State of Illinois entitled Adam Timmerman v. National Car Cure, LLC, SunPath LTD. and SunPath Funding, LLC, Case No. 20AR0161 (the "State Court Action").

2.  On or about May 21, 2020, Defendants were served with the Summons and Complaint. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit 1.

3.  There are no other pleadings or orders that have been served. A true and correct copy of the State Court Civil Docket Sheet is attached hereto as Exhibit 2.

4.  Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process and pleadings served on Defendants in the State Court Action can be found in Exhibit 1.

5. Pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. Proc., Rule 6, this Notice of Removal is timely because it has been filed within 30 days of Defendants' receipt of the Summons and Complaint.

6. This Court is the district and division "embracing the place where [the State Court] action is pending." 28 U.S.C. § 1441(a).

7. This action is removable to this Court under 28 U.S.C. § 1441(a), because it is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331.

8. The Plaintiff's Complaint asserts four causes of action: (1) violation of 815 ILCS 305; (2) violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*; (3) violation of 47 C.F.R. § 64.1200(d) *et seq.*; and (4) violation of Illinois Consumer Fraud and Deceptive Business Practices Act.

9. Plaintiff's 815 ILCS 305 claims and Illinois Consumer Fraud and Deceptive Business Practices Act claims arise from the same common nucleus of facts as and is so related to the Plaintiff's claim under the TCPA that it forms part of the same case or controversy under Article III of the United States Constitution. Indeed, all of Plaintiff's claims arise from the same alleged conduct.

10. The Complaint alleges that Defendants engaged in activity prohibited by the TCPA, 47 U.S.C. § 227, et seq. *See* Exhibit 1, Compl. ¶¶ 14-26. Plaintiff purports that he received multiple telephone calls from Defendant National Car Cure, LLC at the direction of Defendants in violation of the TCPA in January and February, 2020. *See* Compl. ¶ 20.

11. This case is a civil action over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's Complaint purports to assert federal causes of action against Defendants arising out of the laws of the United States, here, the TCPA.

See Exhibit 1, Compl. ¶¶ 36-54. Thus, this case is a civil action over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction to hear and decide the state law claims.

12. As a result, this Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, because Plaintiff's Complaint is founded on claims or rights arising under the laws of the United States, and removal is appropriate under 28 U.S.C. § 1441.

13. The undersigned has spoken to Attorney Jason Weiss who represents co-defendant, National Car Cure, LLC, and has consented to the removal of this matter from State Court to Federal Court.

13. By filing this Notice of Removal, Defendants do not waive any defenses that they may have to Plaintiff's claims.

14. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being promptly served upon counsel for Plaintiff via electronic mail at Jeff.Bash@lewisbrisbois.com and Mark.Taylor@lewisbrisbois.com and U.S. Mail at 103 W. Vandalia Street, Suite 300, Edwardsville, Illinois 62025. Defendants shall also promptly file a copy of this Notice of Removal with the Clerk of St. Clair County Circuit Court, State of Illinois.

Dated: June 19, 2020

Respectfully Submitted,

By: /s/ Charles J. Swartwout
Charles J. Swartwout, # 06190665
Boyle Brasher LLC
5000 West Main Street
P.O. Box 23560
Belleville, IL 62223-0560
(618) 277-9000 / Fax: (618) 277-4594
cswartwout@boylebrasher.com

*Counsel for Defendants SunPath LTD. and SunPath Funding, LLC*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on the below date, a copy of the foregoing document was filed electronically, with the Court's CM/ECF, which will provide notice of the same on the parties. I further certify that on June 19, 2020, a copy of the Notice of Removal was sent to Plaintiff via electronic mail at Jeff.Bash@lewisbrisbois.com and Mark.Taylor@lewisbrisbois.com and U.S. Mail at 103 W. Vandalia Street, Suite 300, Edwardsville, Illinois 62025.

Dated: June 19, 2020                                                                                  /s/ Charles J. Swartwout